Sterrett, J.,
In that part of his charge covered by the second specification of error, the learned judge correctly said: “ In order to recover in an action of this kind, two things are essential : First, there must have been negligence on the part of the defendant, which caused the injury, and, second, the plaintiff must not have been guilty of contributory negligence.” After explaining-what constitutes negligence, etc., he proceeded to speak of the dangerous character of the circular saw, and submitted the question of defendants’ negligence to the jury as follows: “ It is in evidence-here, that these buzz saws are dangerous, and very dangerous ; that accidents occur with the very best and most careful men. If the accident in this case is what we call an unavoidable accident, of course the defendants are not responsible. They are not insurers of the lives and safety of all the men about their premises. If the accident occurred without negligence, without carelessness on the part of Mr. George Frazier at the time, the defendants are not liable. You must first, in order that there may be a recovery for the plaintiff, determine and find that George Frazier, at the time he was sawing that board, was guilty of some act of negligence by which it was thrown back and hurt the plaintiff. The plaintiff himself could not explain how the board was thrown back, except that it was thrown back by the motion of the saw.” There was no error in thus-submitting the question to the jury, if there was any evidence tending to prove that the injury complained of was caused by defendants’ negligence; but there was none. As stated by the learned judge, “ the plaintiff himself could not explain how the board was-thrown back, except that it was thrown back by the motion of the-saw.” How it happened to be caught by the saw, whether by mere accident, without any fault of the defendants, or otherwise, he could not undertake to say; nor is there afiy testimony that sheds a single ray of light on that subject. From an examination of the evidence before us, we are constrained to sayfihere is nothing in it that would warrant the jury in finding that the defendant, George Frazier, whe was operating the saw at the time, was guilty of negligence. - The implied finding of negligence by the jury, must have been, at -best,, a mere guess, arid not a legitimate inference from any of the facts.in evidence. In short, as to the first mentioned essential- to recovery, there was an entire failure of proof, and the jury should have been directed to find for defendant. It is error to submit a question of fact without sufficient evidence. In the absence of evidence that would warrant the jury in finding negligence of defendants-that caused the injury, no question can, of course, arise as to contributory negligence; • • '
Judgment reversed. T. R.